Mr. Smeltzer, you may begin when ready. Sure. May it please the court, my name is Joshua Smeltzer and I represent the appellants. I would like to reserve three minutes for rebuttal. So this case involves tax deductions that the appellants took on their tax returns and they did so for business activities that they both engaged in. The denial by the Internal Revenue Service of these deductions caused them to file a refund suit in the district court claiming that those deductions were valid. The United States won on motion for summary judgment but we believe that that summary judgment motion failed to consider all the evidence that was in the record that supported those claims. For the denial of both of the claims, both the business activities of Mr. Johnson as an orthodontic surgeon and of Mrs. Johnson as a real estate professional were essentially denied based on substantiation claims that the court decided that the evidence that was presented was not enough to justify the Mr. Johnson. It was based on a false premise that the only evidence that was submitted to support his deductions were the tax returns alone and the record does include more than the tax returns in order to support those deductions. But counsel did you raise those other records to the district court because when I was reviewing the summary judgment motion I didn't see that I think there was only a citation to exhibit 18. There was so in general they were there was a general claim that the that the taxpayers had submitted sufficient evidence to support the claims but in addition the evidence that we pointed to in our opening brief was evidence that was contained in the United States motion for summary judgment. It was part of the testimony that was submitted as the deposition and so it was it was included in the record as evidence that would contradict the claim that the only evidence was the tax return. Regardless that claim alone is false based on what was submitted and what was within the within the record. But you would agree though you didn't you didn't cite that evidence to the district court in its in your opinion? So we would agree that the briefing at the lower court wasn't necessarily as specific as it was supposed to be. The district court notes the lack of specificity in there but on appeal it does not mean that that as a de novo review we believe that the entire record needs to be considered and whether or not a material fact exists for trial. And we do believe that it does if you look at the record as it was cited. Because we I mean Mr. Johnson did testify about both the existence of of his activities and what they were and they were beyond the tax returns. He he testifies about flights to various locations of these surgery centers and he testifies about what he did there and it wasn't insubstantial investor type activity that would be excluded as passive activity. He was training other surgeons. He was showing them how to do more complicated activities and other activities that would that would show that there was material participation there. He did have that but I don't know that it was backed up by the number of hours he needed under the under the return of revenue code. So what I'm referring to is it is his work at the Las Vegas office. At page at ER 455 he says I don't I hate to say I don't remember in 2008 I guess three to four days a week part days we'd be there myself my partner associate we hired that's probably typical typical. Then at 466 he says I could have been a day half a day a week it could have been three days a week. We're also hired at some point an associate to work at Clear Choice. So I don't know from reading that how many hours he was putting in over there at the Las Vegas office. Can we figure that out from that? From that testimony alone it isn't it isn't clear right but a half a day could be estimated as four hours and the other ones and you could add it up to do that but I think the real problem is that none of that analysis was done and instead I mean the reason for the denial is that there was no there was no evidence beyond the tax return and that just isn't true. There was evidence whether or not that evidence was sufficient whether or not Mr. Johnson's testimony or the airplane logs or if you added them up and made an estimate whether or not that's reliable enough or whether or not it gets to the threshold that's not an issue that was ever decided because the summary judgment was denied as a threshold matter just saying that the tax returns alone weren't enough and we think. Mr. Spelzer I think the argument you're making is contrary to the law of the circuit that a grant of summary judgment can be affirmed on any basis supported by the record. So I think what you have to argue is you know the record as a whole doesn't support the judgment of the tax court which is not the argument you're making. Well we are making that the record as a whole has sufficient evidence to raise a genuine issue of material fact and as such summary judgment was inappropriate whether or not it would have been sufficient to ultimately render a decision that that's something that would be decided at trial but we believe that the record clearly shows that there was a genuine issue with regard to material fact and most importantly that at least the reason for the denial is wrong. It isn't that the taxpayers only submitted their tax returns there was evidence in the record that was available in order to be considered beyond that that does raise we believe a genuine issue of material fact. It seems like to me you want a do-over of the summary judgment motion right because the the evidence wasn't marshaled to the district court you marshaled it against us you want us to do it de novo. I don't think that we're specifically asking for a do-over what we what we are indicating is that even though the summary judgment briefing may not have been as specific as it was that could have been presented at trial and regardless as long as that evidence is present we believe that the taxpayers were entitled to have that resolved at trial not at summary judgment because at least the inferences were there that the court should have made in their favor such to say that that it was at least an issue that needed to be resolved not on summary judgment but considering all the facts considering all the evidence and having a trial. Are you saying that the district court should have searched the record for facts to support your claim? I don't think it would have needed to search the record. I know that it just mentioned that exhibit 17 was a very large exhibit and that's what it references when it says it shouldn't have to hunt for things in there but the the items that we cited in our brief don't all exist in that voluminous exhibit. As I mentioned a lot of them the testimony of both Mr. and Mrs. Johnson explain the existence of these logs and they also give detail with regard to the activities that were involved there. I think that that is sufficient enough to show that there was a dispute over what activities Mr. Johnson actually engaged in in the tax year at issue and whether or not those were sufficient both in the type and the amount and that was an issue that we believe and all we need is one issue in order to you know if there's an issue that needs to be resolved at trial then it should have been resolved at trial and that's our argument. Well the part I the testimony I cited to you it looks like it was an after-the-fact ballpark estimate that he was given in his testimony. Was there any better evidence than that? Even I don't believe that the quality of the evidence is necessarily a bar to us being given a right at trial. So he does have the that evidence there and it's clear that the evidence obviously isn't as specific as the taxpayers would hope but regardless the evidence is there. Now the tax code is very flexible in what you can use to prove your hours and to prove material participation. It can be witness testimony and it can especially and it has more credibility if it is corroborated by contemporaneous logs. But it can't be post-event ballpark estimates can it and that's what we have from his testimony? So as long as the testimony and the recollection of the witness is credible I believe it can be. Now granted that reliability would have to be judged by the trier of fact and it may not end up in their favor but regardless the fact that there could be testimony and was testimony that he could have participated I think shows that that he was entitled to at least have that issue done at trial and to have it explored further and beyond just a dismissal as a threshold matter that there wasn't anything beyond the and I mean on the on similar notes the same thing was done with the real estate professional as well. Our argument basically there is since time is a little bit waning here the argument basically there is that that Mrs. Johnson we don't believe that Mrs. Johnson can be disqualified based on the 750 hour requirement based solely based on a complete look at all the evidence which the court didn't do. When the court cites the logs it cites the log but it doesn't point out which one that is and we believe that if you consider. Can I ask you are you challenging the district court's ruling that her time for studying for the license does not count as work or service for the purpose of the 750 hour rule? We are challenging the entries related to that and the reason that we're challenging the entries related to that is because on the original log there are specific real estate license entries on the on the revised log those are expanded to include other things that were originally listed as studying and computer and other other items that in Mrs. Johnson's testimony indicate could include a variety of activities all of which we believe would qualify as part of the 750 hours. So to the extent that the real estate study entries if it's purely real estate study then there are decisions that say that those do not qualify but we don't believe that those entries are definitive in saying that they are purely real estate study and if you look at the original logs and the revised logs and you combine those together we believe that it at the very least creates a substantial issue of material fact regarding those and that's true of the requirements involved and again the standard is flexible so that you can prove it and there we do have contemporaneous logs and the justice department's briefing it even when they do it they were they have to ignore one set of logs use the logs they like and even then we're only a difference between 10 or 15 hours between qualification and not qualification we believe this is a very close call. Thank you council you want to reserve the rest of your time? Yes. Mr. Wasserman? Good morning may it please the court let me direct my initial comments to Mr. Smelter's claim that this is a substantiation case the government doesn't believe that it's a substantiation case he talked about the the evidence presented to the district court with respect to Dr. Johnson the 1,000 page exhibit now it is true that the parties have a duty to keep books and records under 6001 which appears that the Johnsons largely did not do effectively made the government their record keeper by issuing a FOIA request to the government but what upset the district court was the was the essentially throwing a thousand page document on the bench and saying that Dr. Johnson's proof is in there somewhere it would be like taking a deck of cards saying well I have 52 cards there are four aces in this deck therefore I win that is unacceptable that's what Carmen versus San Francisco Unified School District says says that that you don't make the district court judge your attorney to do your work and that's what why the the grant of summary judgment was appropriate with respect to Dr. with respect to Dr. Johnson we could affirm on that Carmen basis alone with respect to Dr. Johnson that is correct if that if now what about Mr. Meltzer's argument that well this is de novo review and we could well then I would go with what Judge said that the fact is is uh well first of all I would say if Carmen means anything that it means that it's appropriate for this circuit to reject an effort by a by a party who does not point to specific facts in dispute that is the this circuit's requirement point to specific facts in dispute if you want to avoid summary judgment if you don't do that then a summary judgment can be granted they didn't do it what they want is exactly what I think his honor said before it's essentially it's a redo and that is not appropriate I would also say Downs versus Los Angeles Unified School District was cited by the lower court however to the extent that if you were to go outside of of those cases the fact is is Dr. Johnson testified that he would be uh expenses whether they were reimbursed or not nor could he pin any hours specific hours to any work he did in his past through um in his past through partnership so therefore he's acknowledged already below that he would not be able to to prove his case with respect to uh with respect to before we move on um what about the state the testimony that says uh with regard to clear choice Las Vegas I I was there I guess three to four days a week uh at least part-time why is that not enough to to substantially increase so uh I think there'll be two answers first of all um you know in his deposition he needs to say uh exactly what his he's I think he needs to say exactly what he what he did the only evidence that he had to substantiate that claim were his airplane logs and those were I believe considered we we argued that they are inherently unreliable uh but even that even that be that as it may unless he can show uh his continuous substantial and regular contacts for 500 hours with his business he can't meet it even if this court would allow a do-over and I think the second point I would make thank you let me back up I'm gonna ask you a quick question airplane logs if they show flights to Las Vegas where his office was how is that inherently unreliable well I would give you two answers first of all how were they prepared I believe he said they were prepared by someone else and number two he says in his testimony that he was a full-time employee of the Nevada oral facial surgery um so if he's full-time employed by that entity then he also has to show his 500 hours of material participation in this entity as well and if he's full-time employed I'm not sure that if he meant full-time then that means full-time what he's saying is I was part-time employed by by NOFS and I was part-time working in this other investment and I think that would take him out of contention for for um material participation under the regulation but I think just the airline logs alone again that all that shows is that he's flying his plane he had other things going on I don't think that that is reliable with respect to the number of why isn't that just an issue for the trier of fact whether or not uh airplane logs is substantial enough substantiates it enough or what why can't the testimony alone be substantial enough if if the trier of fact believes him well you must again you have to have uh some type of reliable corroborative evidence uh in order to make the claim is that is that by statute where why where does that rule come from well that's I mean that's the case law um I think that we said I think we cite some cases in there it was antonician that you have to you have to uh your testimony alone is not enough to establish that you are that's the sort of what we said before the ballpark estimate uh that you do after the fact that's insufficient because anybody can come and say that um oh I work these hours but what uh what what we need is additional evidence to show us that in fact you did that to corroborate that evidence well let's corroborate that testimony what if his testimony is typically I worked half a day or three days a week or whatever and it's corroborated by airplane log showing him going to Las Vegas about that number of times over the course of a year why isn't that not enough to defeat a summary judgment well uh under some circumstances it could be but not here I think because that's not what they did what he did was provide a k1 showing and I'm going to get to the second reason here showing that he had a loss from his partnership we said a second thing in the brief remember there are two parts to his claim he also has to show that he was not reimbursed for the expenses uh just showing a loss from the partnership it isn't enough he has to show that he had not been paid back and he said in his testimony that he had no way to do that well how would he do that how would he show that he wasn't paid back well he would show what expenses he had uh he's claiming a lot of money in unreimbursed expenses but he would have that's his burden to demonstrate whether or not they in fact were unreimbursed that the burden is on him to show that all he has is all he has is a k1 that he received from the partnership showing a loss so you're talking about his receipts showing that he actually incurred the expense correct and whether or not okay go ahead how do you show that it's not reimbursed to him well uh i mean he he was asked i think at in his testimony uh whether or not um he was asked specifically this is on er 469 so do you know what kind of unreimbursed partnership expenses did you have working with clear choice and then later he answers uh you don't know specifically he says no specifically no um he had a w2 but he has to be able to show what his losses are and he doesn't seem to be able to do that with respect to mrs johnson i think um you know she has to hit the 750 hour mark we all agree on that in her case um again it wasn't a substantiation issue it was her own concessions that's what the court focused on the court focused on her own concessions of four categories that she said don't uh apply to rental real estate management so she said her investment council conversations she said um work on her personal home work with respect to airplane hangar and study for real estate exams though the court said uh because of her own admission that those categories were not relevant to rental real estate those come out now as mr smelter indicated she had new several different versions of logs that she had prepared uh and she falls the court for not identifying which logs that it that it used first of all in our brief indicates um how we did the math it's pretty straightforward subtraction but here's page eight of her reply brief she says that because the original logs lacked some specificity mrs johnson updated them using whatever information was available at the time to produce a more detailed description of activities the purpose was to add more detail not to change entries so if essentially the the logs are identical then it was just simply a matter of looking to where it said real estate exam or looking to where it said investment council and doing the subtraction and that in all cases takes her under the 750 hour mark mr was it just i mean was it just report correct that that studying for the real estate exam not qualify as a service under the 70 hour rule yes and and they don't challenge they don't challenge it on appeal and i think mr smelter indicated also that there are a number of cases that say uh that um merely studying for the real estate exam remember she also she did not take those real estate exams either and she also indicated in her papers that they had no bearing on whether or not she is a real estate professional that is to say under the regulation you can be a real estate professional presumably without actually having to take that those exams and that's why she said it had no bearing so we would argue that that the study that she did with respect to that exam is really irrelevant here i think that's what the district court well yeah i just wondering that though as a matter of text it seems like it says services uh that relate to property trades or business it seems like studying for a real estate exam does relate to trades or businesses uh so i just don't understand where the district court made that ruling from so um in in the regulation um it has to be more than one half of the personal services so is it a is it a personal service that's performed studying for a real estate exam i think that would be the issue in the regulation is it considered a personal service that is provided i guess that's where the courts come down with respect right i think but that the regulation defines it as any work related to uh real estate property or real estate property trades or businesses it just seems like studying for a bar exam for example or a real estate license would be any work related to the practice of law so why not studying for a real estate exam is related to the the practice of being a real estate so i i again i think it may be very well with respect to that definition of personal services whether or not that in fact would cover the the studying but again we don't think that they appealed it and they don't seem to be um and again i think below she said it wasn't it had no bearing and that's what the court said so she's conceded that issue um i would also add that um to the extent that she claims that the court did not view the evidence in the light most favorable to her so uh in fact i think she did the court did view the light the evidence in the light most favorable to her it did apply the summary standard summary lay because it didn't doubt whether or not she studied for those hours it didn't doubt whether or not she actually met with her investment counsel it didn't doubt whether or not she did work on her personal property the court accepted her testimony but that's why she lost because those hours get deducted i would also indicate and i think this is kind of unusual uh she also makes the argument in her appeal that um references to work on her personal home and there seems to be she seems to be disputing a bit where where her personal residence is it was moon valley and the court simply subtracted hours that listed moon valley uh from her logs showing so she she's unable as a matter of law to hit the 750 mark what they say in appeal is well she may have done work with respect to unspecified rental properties from her that's certainly a novel argument but the reason that that fails is because you have to show a genuine dispute of material fact but if you look at what they actually say it's on page 15 of their reply rate they're unwilling to say because it's contrary to the record that she actually was doing any work on on rental properties what they say is those entries quotes might refer to their own home but could also refer to research on remodeling for any of the other rental properties that mrs johnson managed and so that isn't pointing to a dispute of material fact that is avoiding a dispute of material fact that is saying that you know maybe she did this maybe she did that we're unwilling to say now what we like to do is have a trial and then we'll tell you what she's doing but that is not the appropriate summary judgment standard the fact is that this report got it right and properly applied the summary judgment standard and this court should affirm thank you mr rosserman mr smeltzer um sure your honor um so first off um a lot of those arguments are the same ones that were made against our opening brief and what we said in our reply brief is it doesn't change the fact that there was more than tax return information in the record in order to support the the claims it doesn't change that it also doesn't change the fact um that there were multiple logs we believe that the dispute still existed and the only way to the only way to get mr mr house's deductions denied was to ignore the fact that there were other evidence there the denial isn't about the reliability of mr house mr house's testimony it isn't about the reliability of the airplane logs or the hours involved and those can be estimated and you only need about nine hours a week in order to meet the 500 hours that would qualify under the statute so it's not like he has to substantiate substantial amounts of time each week while he's working at his other job if he can if he can justify nine hours a week doing these various clear choice entities traveling there doing the training doing the teaching working on them even phone calls there to deal with those investment things he would get to the 500 hour requirement that way and the the problem with the real estate professional that i'll put it in my last section is we are disputing um that that that those entries may still qualify because as your honor kind of hit it off hit on the fact is that studying for a real estate exam can have a purpose dual purpose of both um providing her with skills she needs to be a real estate professional in addition to helping her know what she needs to to pass the exam whether or not she um passed it or not and so that can be a dual purpose thing and that's something i believe needs to be resolved at trial thank you your honor thank you this case is submitted and uh this court stands uh in recess until tomorrow 9 a.m thank you very much thank you thank you this court for this session stands adjourned
judges: Tashima, Bumatay, Rayes